IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KATINA JONES,

                Plaintiff,         Case No. 3:05 CV 7424

   -vs-

                                    <u>MEMORANDUM   OPINION</u>

PERRYSBURG MUNICIPAL
COURT, et al.,

                Defendant.

KATZ, J.

Defendants in this case are Perrysburg Municipal Court, The Honorable S. Dwight Osterud, Janice Elkes and the City of Perrysburg, Ohio. They have jointly moved for dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, for judgment on the pleadings in their favor pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. No. 16). Defendants claim that they are entitled to absolute and/or qualified immunity. Plaintiff has filed a memorandum in opposition and has also filed a motion to strike Defendants' Exhibits A and B to their motion. (Doc. No. 27). Defendants have filed a reply to the Plaintiff's memorandum in opposition and a response to the motion to strike. Plaintiff has also requested that Defendants' motion be converted to a motion for summary judgment so that discovery can be had and the motion properly addressed. In light of the decisions hereinafter set forth, the motion to convert Defendants' motion to a motion for summary judgment is denied.

With respect to the motion to strike, since Exhibits A and B are unauthenticated copies of docket entries and the case file in the Defendant Municipal Court with respect to Plaintiff, and in

any event are unnecessary for the determinations to be made herein, the motion to strike will be granted.

## BACKGROUND

Plaintiff claims that her constitutional rights were violated on November 9, 2003 when she was arrested on a bench warrant issued by the Perrysburg Court on the authority of Judge Osterud for failure to appear in court and was held overnight because she failed to make bond. The hearing for which she failed to appear was to be related to her payment of court costs which had been ordered as part of her previous criminal sentence. Plaintiff seeks to recover under 42 U.S.C. §§ 1983 and 1985 for alleged violations of the Fourth, Thirteenth and/or Fourteenth Amendments to the United States Constitution.

Defendants Osterud, Perrysburg Municipal Court and Janice Elkes, the Clerk of the Perrysburg Municipal Court, have been sued in their respective official capacities. Plaintiff alleges that the City of Perrysburg purportedly maintains policies or practices in violation of Ohio and United States law. Defendants assert that Judge Osterud and Clerk Elkes have absolute immunity; that Perrysburg Municipal Court is not a "person" subject to suit under Sections 1983 and/or 1985 and that sovereign immunity under the Eleventh Amendment applies to preclude such suit. Defendant, City of Perrysburg, claims that Jones has failed to allege any viable claim of municipal liability against the City of Perrysburg.

## DISCUSSION

The parties have filed briefs which fully discuss the legal aspects of this case in a manner which is both extensive and complete. This Court will not engage in repetition of the content of those briefs.

The Court agrees that the claims against Judge Osterud and Clerk Elkes in their official capacities are barred by absolute immunity from any claims for money damages. *See Briscoe v. Lahue*, 460 U.S. 325, 334 (1983) ("state judges are absolutely immune from liability for their judicial acts"); *see also Kentucky v. Graham*, 473 U.S. 159, 165 ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). While the actions of Defendants appear to violate the law (and imprisonment for debt long ago was abolished), further discussion is unnecessary on this point.

Perrysburg Municipal Court is exempt from suit for damages for several reasons. The court is entitled to sovereign immunity under the Eleventh Amendment of the United States Constitution. *See Tennessee v. Lane*, 541 U.S. 509, 527 (2004) (noting that "the provision of judicial services [is] an area in which local governments are typically treated as 'arm[s] of the State' for Eleventh Amendment purposes . . . and thus enjoy precisely the same immunity from unconsented suit as the States" and citing *Callahan v. Philadelphia*, 207 F.3d 668, 670-674 (3d Cir. 2000), for its holding that a "municipal court is an 'arm of the State' entitled to Eleventh Amendment immunity") (internal citation omitted); *Geller v. Washtenaw County*, No. 04-72947, 2005 U.S. Dist. LEXIS 38228, at *17-23 (E.D. Mich. Dec. 29, 2005) (citing the Sixth Circuit's factors for Eleventh Amendment immunity, including whether the state or the local court would be responsible for satisfying a money judgment, how state law defines the entity, the degree of state control, and the source of the entity's funding; noting that, "[i]n the event that no evidence is presented regarding the issue of whether the funds to satisfy a judgment would come from the state, the Sixth Circuit has considered the weight of the other factors," including the "dignity" due

to the entity; and finding a local court was entitled to immunity where it was subject to the authority of the state supreme court, despite the fact that the local government provided part of its funding).

Moreover, the Perrysburg Municipal Court is not a "person" subject to suit under the civil rights statutes at issue. *Foster v. Walsh*, 864 F.2d 416 (6th Cir. 1988); *Geller*, 2005 U.S. Dist. LEXIS 38228, at *23-24. Finally, since Judge Osterud and Clerk Elkes are entitled to absolute immunity, there is no derivative right for damages against the court as an entity. Several cases have been cited by Defendant in support of its position including, but not limited to, the Sixth Circuit case of *Foster v. Walsh*, 864 F.2d 416 (6th Cir. 1988). Plaintiff asserts that *Foster* has been implicitly overruled and is no longer good case law pursuant to *Alkaire v. Irving*, in which the court in a footnote suggested the possibility that *Foster* could have been undermined by recent Supreme Court cases. *Alkaire v. Irving*, 330 F.3d 802, 812 n.7 (6th Cir. 2003). However, this Court believes that *Foster* continues to be good law and together with many other precedents is controlling on the issue before this Court. In *Riser v. Franklin County Court of Common Pleas*, 69 F. App'x 764 (6th Cir. 2003), the court cited *Foster* in support of its decision affirming dismissal of Plaintiff's civil rights action indicating that: "The court also properly ruled that defendants [numerous courts and court clerks] were protected by sovereign and quasi-judicial immunity."

Courts have consistently found that state courts are not persons subject to 42 U.S.C. §§ 1983 and 1985 and that such courts are entitled to Eleventh Amendment sovereign immunity. *See e.g.*, *Callahan*, 207 F.3d at 673-74 (municipal court is entitled to Eleventh Amendment immunity and is not a person under § 1983); *Kelly v. Municipal Courts*, 97 F.3d 902, 907-908 (7th Cir.

4

1996) (municipal court is entitled to Eleventh Amendment immunity); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (same); *Geller*, 2005 U.S. Dist. LEXIS 38228, at *17-24 (county court was entitled to Eleventh Amendment immunity and was not a person under § 1983).

## CONCLUSION

While the Court will grant Defendants' motion to dismiss Plaintiff's action with respect to money damages against Judge Osterud, Clerk Elkes, and Perrysburg Municipal Court, as well as the City of Perrysburg, the issue with respect to Plaintiff's right to develop through discovery a "pattern or practice" which violates the law is not foreclosed, for that seeks an equitable remedy of injunctive relief. The Court will permit Plaintiff to investigate during discovery whether there is a pattern or practice of imprisoning defendants for failure to pay fines or costs in connection with criminal cases in which fines and costs have been assessed. If such pattern or practice is determined to exist, then the Court will entertain argument with respect to the propriety of granting injunctive relief prohibiting such practices.

A telephone status conference on this matter is set for July 12, 2006 at 9:30 a.m.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE